RUBÉN VALENTÍN MALDONADO ET AL., Petitioners, *v.* SUPERIOR COURT, ARECIBO PART, FRANK PAGANACCI, JUDGE, Respondent; THE PEOPLE OF PUERTO RICO, Intervener.

No. C-62-47.   Decided November 15, 1962.

*Juan J. Cancel Ríos* and *Armando A. Miranda* for petitioners. *J. B. Fernández Badillo, Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

To review the order denying dismissal of the informations filed, we issued a writ of certiorari.

In *People* v. *Garay,* 64 P.R.R. 101 (1944), we stated the rule to be followed in situations such as those presented in this case.   There we said at p. 102:

"The first alleged error assigned by the defendant is that the lower court erred in overruling his motion to dismiss on the ground that more than one hundred and twenty days had elapsed since the informations herein were filed against him. The trial herein was postponed on one occasion at the request of the defendant. Section 448(2) provides that 'If a defendant *whose trial has not been postponed upon his application,* is not brought to trial within one hundred and twenty days after the filing of the information, the court unless good cause to the contrary is shown, shall order the prosecution to be dismissed...' We have interpreted this Section to mean that 'When, as here, the trial has been postponed on defendant's motion, the question of dismissal for subsequent delay is a matter within the discretion of the court.' (*Morales* v. *District Court,* 55 P.R.R. 853, 855-6.)

"Far from abusing its discretion in the subsequent postponements, we are satisfied that the district court acted properly in postponing the trial on three subsequent occasions after the district attorney had produced testimony showing that an essential witness was missing and that the marshal's efforts to locate the said witness had been unsuccessful. Under the circumstances herein, we find no abuse of its discretion by the trial court (*People* v. *Ortiz,* 62 P.R.R. 284)."

Let us see what happened in the instant case.

The informations were filed on May 18, 1961. On July 31 the hearing was postponed to August 16 on defendants' motion. On August 11 the defense attorney moved for postponement of the hearing set for the 16th. It was set for September 6 and that day a motion for suppression of evidence was argued and denied. The hearing was postponed to September 21 and evidently defendants raised no objection. On September 21 it was postponed again on defendants' motion. On the new date set for the hearing, October 19, 1961, it was postponed to November 21. The defense did not object. One of the witnesses did not appear on this date and the district attorney moved for postponement to February 5 over the objection of the defense. The arrest of the witness was ordered for contempt. It further appears that on March 1 "the hearing was postponed to April 23 because the court

was trying a case by a jury and by stipulation of the parties." The motion for dismissal was argued on this date and the same was denied.

■ ■ .In *People* v. *Garay, supra,* we ratified the ruling of *Morales* v. *District Court,* 55 P.R.R. 853 (1940), to the effect that "when...the trial has been postponed on defendant's motion, the question of dismissal for subsequent delay is a matter within the discretion of the court." In the instant case the hearing was postponed on three different occasions on defendants' motion. When on October 19 it was again postponed because the trial of a murder case was being held, the defense did not object. It was set for November 21 and on that date it was postponed over objection by the defense, but it was set for March 1 when, by stipulation of the parties, it was postponed again. The case having been set again to be heard 120 days after the latter postponement in which defendants acquiesced—it was set for April 23—the motion for dismissal was filed. Thus, according to *Garay,* after the postponements requested by defendants it was discretionary with the court to dismiss the action if the trial was not held within 120 days after the last postponement. But it is also a fact that after the stipulation of March 1 the case was set for hearing within 120 days after that date. The respondent court acted correctly in denying the dismissal of the informations.

The writ will be quashed.